## West v. West.
(Decided June 16, 1936.)

F. A. HARRISON for appellant.

L. M. ACKMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Ethel West sued his wife, Lizzie West, for divorce on the ground of abandonment. She denied the allegations of the petition and counterclaimed for a divorce from bed and board and alimony on the same ground. The husband was granted a divorce and the wife was denied alimony. She appeals.

Though we are without power to reverse the decree of divorce, we may review the evidence for the purpose of determining whether alimony was properly denied. Autry v. Autry, 237 Ky. 608, 36 S. W. (2d) 15.

Appellant and appellee were married in September, 1928. Of this union no children were born, but each has children by a former marriage. Appellant owns a life estate in a small farm, which yields practically no income after the payment of taxes and insurance. Appellee is a truck driver and makes $60 a month. He owns a house and lot in Williamstown which is worth about $2,000 and is mortgaged for $1,-000. He also owns a life interest in a 75-acre farm worth about $2,000. In the year 1932 appellee left his home one morning and never has returned. He gives as a reason for his departure that he had more than he could take care of, and his wife moved her son-in-law in with him. When he left he never said anything to his wife about going, but told her two or three weeks before that time that he did not have any objection to her son-in-law's coming and visiting them, but that he did not have any use for him, did not want him around, and was not going to take care of him. He also made the following remark to his wife:

"Well, I told her she must not bring him to my home any more than to visit and I wouldn't stay there if he stayed there."

Notwithstanding his objection, his wife's daughter and son-in-law moved in and "he acted as if it was permanent." Along in the following November, he had Mr. M. E. Carter to go to see his wife and ask her what she wanted to do, or if she would be satisfied if he came back. On cross-examination he stated that he guessed he left his wife, and that he did not tell her or his children that he was going to leave. Since that time he never asked his wife to live with him. He would have gone back if her son-in-law and daughter had left the house, but he never told his wife to have them move. He did not know they were going to move in and he did not ask them to move out. M. E. Carter testified that appellant asked him to go down and see his wife and said something about making a compromise. He called on appellant and told her what her husband had said. She replied that she had tried him twice and did not think there was any use.

On the other hand, appellant testified that she knew of nothing that caused their separation. Her husband just got up and left. There were no quarrels before that. If he had any reason for leaving, she did not know what it was. He did not object to her daughter and son-in-law being there. He told her daughter to stay, and he also asked Thurman, her son-in-law, to come while looking for work. Mr. Carter came down there and said her husband sent him to tell her he would come back and live with her if they could get along over the children, and if they could not he would give her $150 and for her to leave. She replied that that was an "awful poor offer." After that he sent Judge Mullins down to see her. After her son-in-law had been there for a while he left and went to his sister's and stated that he would go away so Ethel would return. Judge Mullins testified that appellee asked him to go see Mrs. West and tell her that appellee was leaving her and what he would give her. Appellee just said he could not live with her any longer, but gave no particular reason.

Appellee further testified that he in good faith offered to take his wife back, but was then unwilling to do so, "after she has robbed me, you and her together. No sir, I ain't." She had robbed him of everything "because she sued for everything I had."

It is appellee's position that the facts bring this case within the rule that a "deserter" of the matrimonial home is one who by his words, conduct, demeanor, and attitude produces an intolerable condition which forces the other spouse to withdraw from the joint habitation to a more peaceful one. Hill v. Hill, 239 Ky. 745, 40 S. W. (2d) 367. The argument is that the wife's bringing her daughter and son-in-law into the home produced a situation that justified appellee in leaving. It is true that appellant and appellee had reached middle life and each had been married before, but that fact, though indicating perhaps a lack of romance, did not lessen in the least the obligations which each owed to the other. Clearly the situation brought about by the coming of appellant's daughter and son-in-law is one that could have been handled in a more tolerant and diplomatic way. All that appellee claims is that he had announced before the coming of the daughter and son-in-law that he would not stay

there if they came. After their arrival he never discussed the matter with his wife. On the contrary, he left without ever referring to the matter again or ever telling his wife or own children that he intended to leave. It is true that after that time he claims to have made an offer of reconciliation, but his real attitude in the matter was more effectively portrayed by his failure ever to seek an interview with appellee and his statement on the witness stand that he was then unwilling to live with her because she sued him for everything he had, though in the matter of bringing suits they were both on a plane of equality. We are therefore constrained to the view that appellee left his home without a sufficient excuse, and that he and not appellant was guilty of abandonment. It follows that appellant and not appellee was entitled to the divorce, and that alimony was improperly denied her. On the return of the case the chancellor will award appellant alimony at the rate of $10 a month.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.